Micheal Andrew Nuñez 160418024
Name and Prisoner/Booking Number

Pima County Sheriff Adult Detention Center / Bed 1-G-21
Place of Confinement

P.O. Box 951
Mailing Address

Tucson, Arizona, 85702
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

FILED ___ LODGED
RECEIVED ___ COPY

MAY 1 1 2018

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Micheal Andrew Nuñez on his behalf, ) CV18-0244 TUC JAS-PSOT
(Full Name of Plaintiff)
Plaintiff,    and on behalf)
)
vs. ) CASE NO. _____
) (To be supplied by the Clerk)
(1) Mark D. Napier Sheriff of Pima County, )
(Full Name of Defendant)       and )
(2) Captain Joshua Arnold of Pima County Sheriff )
                    Detention Center and )  **CIVIL RIGHTS COMPLAINT**
(3) The county commissioners of Pima and, )  **BY A PRISONER**
) Jury Trial Demanded
(4) Pima County Board of supervisors and, )  ☑ Original Complaint
Defendant(s). ) ☐ First Amended Complaint
☑ Check if there are additional Defendants and attach page 1-A listing them. ) ☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☑ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: Pima County Sheriffs detention center

Revised 5/1/2013                                1                              **550/555**

1-A    Plaintiff Continuation:

1. Behalf of all Pretrial detainee's in the Pima County Jails.
2.
3.
4.
5.
6.
7. Defendents Continuation:
8. (1) individually, and in his offical capacity
9. (2) individually, and in his offical capacity
10. (3) individually, and their offical capacity
11. (4) individually, and their offical capacity
12. (5) William .C. Hill, individually, and in his offical capacity Pima County Sheriff corr.
13. (6) Juan .C. Sullivan, individually, and in his official capacity Pima County Sheriff corr.
14. (7) Vincent. Duarte, individually, and in his official capacity Pima County Sheriff corr
15. (8) Jesus .Silva, individually, and in his official capacity Pima County sheriff corr.
16. (9) D. Black, individually, and in his official capacity Pima County sheriff Department
17. (10) Jeffrey. Palmer, individually, and in his official capacity Pima County Sheriff Department
18. (11) J.P. Siress, individually, and his official capacity Pima County Sheriff Department
19. (12) Matthew .E. Heath, individually, and in his official capacity Pima County Sheriff Department
20. (13) Basznianyn, individually, sergent in his official capacity Pima County Sheriffs corrections
21. (14) Paravano, individually, L.T in his official capacity Pima County Sheriff corrections
22. (15) Smead, individually, L.T. in his official capacity Pima County Sheriff corrections
23. (16) Pima County Health Department, individually and their official capacity
24. (17) Correct Care Solutions, (CCS), in their official capacity
25. (18) William Martz, individually, in his official capacity Pima County Health Department
26. (19) Byron Gwaltney, in his official capacity
27. (20) Misa .Song, individually, Nurse in her official capacity Pima County health Dept.
28. (21) Darin Stephens, in his official capacity
29. (22) James Smead, in his official capacity
30. (23) Franciso Garcia, in his offical capacity
31. (24) Todd lePird, in his offical capacity
32. (25) Marcia Ortega, in her offical capacity

(26) John Doe #1, individually, in his offical capacity
(27) County of Pima, its agents and employs

1 - A

## B. DEFENDANTS

1. Name of first Defendant: __Mark D. Napier__. The first Defendant is employed as: __Sheriff of Pima County__ at __Pima County Jail__.
   (Position and Title)   (Institution)

2. Name of second Defendant: __Captain Joshua Arnold__. The second Defendant is employed as: __captain__ at __Pima County Jail__.
   (Position and Title)   (Institution)

3. Name of third Defendant: __The county commissioner's__. The third Defendant is employed as: __The county commissioner's__ at __Pima County__.
   (Position and Title)   (Institution)

4. Name of fourth Defendant: __County board of supervisers__. The fourth Defendant is employed as: __County Board of supervisers__ at __Pima County__.
   (Position and Title)   (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?  ☐ Yes  ☑ No

2. If yes, how many lawsuits have you filed? ____. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

B. Defendents Continuation

(5) William C. Hill, individually, and in his offical capacity Pima County Sheriff corrections
(6) Juan C. Sullivan, individually, and in his offical capacity Pima County Sheriff corrections
(7) Vincent Duarte, individually, and in his offical cappacity Pima county sheriffs corrections
(8) Jesus Silva, individually, and in his offical capacity Pima County Sheriffs corrections
(9) D. Black, individually, and in his official capacity Pima county sheriff Department
(10) Jeffrey Palmer, individually, and in his official capacity Pima County Sheriff Department
(11) J.P. Siress, individually, and in his official capacity Pima County Sheriff Department
(12) Matthew E. Heath, individually, and in his offical capacity Pima County Sheriff Department
(13) Baszniarun, individually, and in his offical capacity Pima County Sheriff corrections
(14) Paravano, individually, LT in his offical capacity Pima County Sheriff corrections
(15) Smead, individually, and his official capacity Pima County Sheriff corrections
(16) Pima County health Department, individually and their official capacity
(17) Correct care Solutions (CCS) in their official capacity
(18) William Martz, individually, in his official capacity Pima County health Dept.
(19) Byron Gwaltney, in his official capacity
(20) M. Sa. Song, individually, Nurse in her official capacity Pima County health Dept.
(21) Darin Stephens, in his official capacity
(22) James Smead, in his official capacity
(23) Francisco Garcia, in his official capacity
(24) Todd Jepird, in his official capacity
(25) Marcia Ortega, in her offical capacity
(26) John Doe #1, individually, in his official capacity
(27) County of Pima, its agents and employs

2-A

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: 1st, 4th, 5th, 7th, 8th, 14th Amendments

2. **Count I.** Identify the issue involved. Check **only one.** State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☑ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what each **Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   On date of 6/3/17 in the entity of the employee's of Pima County Sheriff's Department of Corrections. Officer's William.C.Hill, Officer Juan.C.Sullivan, Officer Vincent.Duarte, and officer Jesus Silva use of excessive force on plaintiff use of force in situation no longer threatning. The early morning of 6/3/17 Plaintiff and other Pretrial detainee's were on rec.yard communicating with other rec.yard major rule violation, officer William.C.Hill then told detainees to stop, But singles out Plaintiff when Pliantiff complys and exits yard officer William.C.Hill is being unprofessional aswell as aggressive towards Pliantiff using inflammatory language creating a hostile environment, Dispite Plaintiff trying to follow commands and return to housing by walking out of harms with hands up in a non-threatning gesture while staying calm. Officer William.C.Hill use's excessive force on Pliantiff witch consist of approaching Pliantiff with closed fist's and Punching aswell as pushing Pliantiff while Pliantiff is being assulted Pliantiff Defense by striking trying to deflect Punche's from William.C.Hill Pliantiff backs into wall and drops to the floor Placing himself face first on the floor with hands behind his back trying to aviod harm while officer's Sullivan, Duarte, Silva join Hill in the excessive force while Pliantiff is no longer on his feet or even a threat.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Because action and inaction of Defendants, Pliantiff is injured and other Pretrial detainees forced into hostile enviroment by subordinate employee's, leaving Pliantiff physical injury and causing extreme emotional distress, trama to Pliantiff, Pliantiff family and pretrial detainees. Pliantiff loss of income.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☑ Yes ☐ No
   b. Did you submit a request for administrative relief on Count I? ☑ Yes ☐ No
   c. Did you appeal your request for relief on Count I to the highest level? ☐ Yes ☑ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. No because Defendents failed to be adaquate in not allowing Due process by not redressing excessive force/Assult in Grievance# 17-1621.

3

## Count I

3-A supporting facts continuation.

1. Force from officers consist of closed fist strikes, kneeing, kicking,
2. and stomping on Pliantiff head and back. Officer's using force
3. while Pliantiff no longer threat. Officer Juan C. Sullivan kicks
4. and stomps on Pliantiff then Sullivan maces Pliantiff x2 while
5. Pliantiff is on his stomach facing the floor. While officer Jesus
6. Silva tazes Pliantiff x2 leaving prongs in back of Pliantiff arm
7. Showing Pliantiff had his arm's behind him facing the floor when
8. he got tazed. As this is going on Pliantiff has a seizure going in
9. and out of consciusness. "Note several pretrial detianees witness and
10. later give details of incident", there was also cammas on yard. Pliantiff
11. is bleeding from mouth, nose, head and left cheek area due to Pliantiff
12. facing the floor while being assulted by officers. Officer John Doe #1 then
13. picks Pliantiff off floor to walk to medical, while escorting Pliantiff into
14. building officer allows Pliantiff head to slam into door frame. Pliantiff
15. is walked into medical were nurse Song allows Scott Mary sheriffs
16. officer Scott Mary. Unknown if Scott Mary is trained medical staff nurse
17. allowed Scott Mary to pull prongs out of Pliantiff arm in a aggressive manner.
18. Pliantiff is Denied during interactions with nurse and sheriffs officer
19. Sergeant Basznianyn and shift leaders for retaliatory reasons
20. based off interaction with staff, "only his staff members could go to hospital
21. not Pliantiff", stated shift leader while recording interactions in medical.
22. Pliantiff is then cleared and escorted to a cell with open wounds, no mattres
23. and no shower for the next 24-hours. Pliantiff then has a visit in 4-A
24. a few hours after incident 6/3/17 immediate family member Connie Lopez
25. seeing Pliantiff causing extreme emotional disstress and trama seeing
26. Pliantiff in excruciating pain. Pliantiff family member Connie Lopez
27. makes complaint with Sherriffs Department. Pliantiff submitted Grievance
28. "forms # 17-1621" for incident with less then adequate responses in there
29. laxness and impartial investigations, impartial reponses. Improper
30. training on use of force. Pliantiff seeks redress, infractions, Due
31. to staff actions and inactions should be held liable for unprofessional
32. Standerd's were the Micromanegment of actors sweep the dust under-rug,

3-A

Count

3-B support facts continuation.

1. only to hold Pliantiff in spotlight by waiting 2 months to hold
2. Pliantiff liable while paying no attention to mistakes leaving
3. Pliantiff to harassment and hostile enviroment created by Defendents
4. of Pima County sheriffs department in excessive force from
5. defendents creating dangerous enviroment for Pliantiff and
6. pretrial detainee's. (Mark. D. Napier, sheriff of pima county,
7. The county commissioner's of pima, Pima County Board of supervisers,
8. Captain Arnold, Subordinate employee's, negligent supervision
9. and Policies of defendant's.)

4. Injury:
Because action and inaction of Defendents. Pliantiff is injured and other pretrial detainees forced into hostile environment by subordinate empolyee's, leaving Pliantiff Physical injury and causing extreme emotional disstress and trama to Pliantiff, Pliantiff family and pretrial detainees. loss of income of Pliantiff.

5. Administrative Remedies: A. Yes B. Yes C. No
D. No because Defendents failed to be adaquate in not allowing Due process by not redressing excessive force/Assult in Grievene #17-1621

3-B

## COUNT II

1. State the constitutional or other federal civil right that was violated: 1st, 4th, 5th, 7th, 8th, 14th ammendments

2. **Count II.** Identify the issue involved. Check only one. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☒ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   Due to Deliberate indifference to serious medical needs Denied fallowing an incident on 6/3/17, Pliantiff was escorted to medical to be examined for excessive force injuries During Pliantiff stay in the enity of Pima County Jail, Pima County sheriff department, Pima County health Department, Correct care Solutions (CCS). Plaintiff being pretrial detianee neglected proper medical care on 6/3/17 and multiple affairs after this date. Nurse Misa Song evaluation on 6/3/17 Denies Plaintiff proper medical care, proper standerd procedure and policy standerd. Plaintiff asks to go to hospital Plaintiff was denied by Nurse Misa Song, sheriff's officer Basznianyn sheriff "John Doe" were sheriff states to nurse while recording incident sheriff stated "No only his employee could go to hospital not Plaintiff", while being Denied by Song regulation of health, safty and welfare. Arizona Contitution Article XXVII §1, §2 section 2. Nurse Song denies Plaintiff based off of sheriff and not her own experience. Nurse Misa Song did not do vitals during interaction, while Plaintiff is bleeding from nose, mouth and left, Right temple area. Nurse Misa Song Knew Plaintiff was subject to severe injures witch consist of head trama, abashions, lacerations on head and facial area aswell as pain to back, neck severe headackes that continue Since 6/3/17. While in medical Nurse Misa Song allows sheriff officer Scott Mary to pull prongs from tazer out of Plaintiff arm in a aggressive manner causing Plaintiff more pain then intended. Plaintiff stated injuries Plaintiff stated to nurse Song he had a seizure nurse pays no atention to pliantiff' iJuries just based her actions on staff discretion instead of Nurse profession.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Plantiff and Pretrial detainees are denied meaningful access to proper medical care by Defadents. Due process, Pliatiff suffers injuries untreated hindering Pliantiff normal physical activies, emotional distress, physical trama. Pliantiff loss of income.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Count II?  ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Count II to the highest level?  ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

## COUNT II

4-A Supporting Facts continuance.

1. Nurse Misa, Song allows Pliantiff to wash face with water from the
2. sink for a few seconds due to exposure to mace/OC spray. Then Song
3. cleared pliantiff to return to a cell leaving Pliantiff with open wounds,
4. severe pain to head and torso area. Never did Pliantiff refuse treatment
5. at anytime. But requested med-Atention to go to hospital; Later pictures
6. being taken following a visit Pliantiff had with family member connie lopez
7. both exposed to extreme emotional distress, trama and agonizing pain.
8. forced to make compliant with sheriff's Department aswell as Pliantiff
9. submits Grivence #17-1621 Pliantiff received less then adequate
10. reponses, failed to be impartial third-party nor investigate thorougly. Failing
11. to treat pliantiff on several occassions after 6/3/17 Pliantiff was denied to see
12. a Doctor on 6/6/17 stating Pliantiff refused never refused treatment, but
13. only asked to see Doctor! Defendents wrote it up as refusal "Pliantiff Don't
14. signature refussal" because Pliantiff was refused. Defendents oversee
15. issues while (CCS) Correct Care Solutions leave Pliantiff with sever back
16. pains untreated as well as bloody noses and migrains headaches after
17. medical request Pliantiff Does receive muscle rub and Ibuprofen
18. for a short time per policy. still in pain back pains go untreated Defendents
19. refuse to treat cronic pain Pliantiff is placed on cjemsied for migrain
20. headacks with caffeine leaving Pliantiff with problems trying to sleep, lack
21. of sleep from agonizing pain for over 6 months. Pliantiff suffers misteatment
22. that a citizen, pretrial detainee would be less subject to if was not confined.
23. Ultimatly the negligence of Pima County sheriffs Department of Corrections,
24. Pima County health Department, Mark. D. Napier, sheriff of Pima County,
25. the County commissioners of Pima, Pima board of supervisors, Captain
26. Arnold, Subordinate employees (CCS) Correct Care solutions.
27.
28. 4. INJURY:   Pliantiff and Pretrial detainees are denied meaningful
29. access to proper medical care by Defendents. Due process,
30. Pliantiff suffers injuries untreated hindering Pliantiff normal
31. physical activities. Emotinol distress, physical-trama. Pliantiff
32. loss of income

5. Administrative Remedies: A, B, C, YES

4-A

1. State the constitutional or other federal civil right that was violated: _____
_____

2. **Count III.** Identify the issue involved. Check only one. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☑ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: Due Process

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   Pliantiff submits Grievance #17-1621 L.T Smead of Pima County Sheriffs actors of Grievence Process, John Doe, hearing officers failed to investigate excessive force of Pima County sheriffs Department of Corrections officer's. Pliantiff makes internal investigations to Sergeant D. Black also Pliantiff family member Connie Lopez makes compliant to Pima County Sheriffs office on 6/3/17 Both compliants are subject to less then adequate attention. Defendents leave Pliantiff under strict scrutiny were Defendents lable Pliantiff as snitch, Creating hostile, retalitory interactions through out Pliantiff stay. Due Process is denied Pretrial Detainee while trying to sweep incident under rug fail to give Pliantiff adequate thorough investigations. Defendents even go as far as to allow Sheriff Department officers Detective J.P. Siress and Detective Matthew. E. Heath to Provide a Blind eye to delicate substancial proof to prove. Pliantiff compliant allowing video's to cease existence also Denie Pliantiff a Questionaire to officer Zarate Grievence #17-1929 not allowing Due Process Zarate as a witness in Grievence process incident on 6/6/17 Grievence #17-1642 with medical where Pliantiff ask could Pliantiff been seen by Doctor for injures that occured 6/3/17 But not evaluated 6/3/17 until later date. Defendents use Grievence #17-1642 on date 6/6/17

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Impartial third party leaving Pliantiff Defenseless hindering Due Process Pliantiff suffers distress from retalitory Employees and toxic leaders.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☐ Yes  ☑ No
   b. Did you submit a request for administrative relief on Count III?  ☐ Yes  ☑ No
   c. Did you appeal your request for relief on Count III to the highest level?  ☐ Yes  ☑ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. Pliantiff asked officers if there was administrative appeal procedure in which officer's told pliantiff NO.

If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.

COUNT II

5-A Supporting facts continuation.

1. to look as if incident Grievence #17-1621 took place on 6/6/17, But
2. actually occured on different occasions and a different dates.
3. Grievence #17-1621 occured 6/3/17 when Defendents inactions failed
4. to provide Due process on timly manner while trying to paint a picture of
5. Pliantiff as non-participant in inadequate process were Defendents
6. failed to investigate as impartial third-party in Grievence process, Grievence
7. in Grievence #17-1621 excessive force/assult was never redressed were
8. medical played a role in excuse injuries stating pliantiff refused, But
9. Pliantiff did not refuse treatment. Pliantiff was not allowed to address
10. excessive force in internal investigation only what occured connected
11. to medical evaluation. Pliantiff is left defenseless hearing officer's
12. are merely a rubber stamp for officer's and sergeant use only
13. leaving Pliantiff under micro-management and toxic leaders. Pliantiff
14. then writes claim of notice to commissioner's in timly manner,
15. hand delivered by immediate family member, But received no response.
16. Pliantiff in house Jail Grievence deem partial, administrative remedies
17. is unavailable to pretrial detainee's. Mark. D. Napier, Sheriff of Pima
18. County, The county commissioner's of Pima, Pima County board of
19. supervisers, captain Joshua Arnold, subordinate employees in
20. the entity of Pima county sheriff office and Pima county health
21. Department, (CCS) correct care solutions.

24. 4. Injury:
25. Impartial third-party leaving Pliantiff Defenseless hindering Due process.
26. Pliantiff suffers distress from retalitory employees and toxic leaders.

28. 5. Administrative Remedies: A,B,C. NO
29. Pliantiff asked officer's if there was administrative appeal procedure in
30. witch officers told Pliantiff NO.

## E. REQUEST FOR RELIEF

State the relief you are seeking:

Count 1, Pliantiff seeking: Punitive Damage of $200,000 and compensatory of $40,000 and Pliantiff seeking evaluation Abusive force, proper training of officers, totality of retaliation Jail employee's use against pretrial detainees and Pliantiff, deem injustice. Unsafe environment produced by action or inactions of defendents creating a hostile environment. Count 2: Punitive Damage $500,000 and compensatory of $200,000. Pliantiff seeking proper medical care treatments for Pretrial detainees, Pliantiff has been subjected to .

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   4-29-18
                    DATE

_Michal A. nm_
SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

6

egregious stress, discomfort ultimately produced by actions and inactions of defendants. Count 3: Punitive Damage of $50,000 and compensatory of $3,600. Plaintiff seeking impartial disciplinary investigations aswell as Grievance proceeding for pre-trial detainees. Plaintiff seeking evaluation of toxic environment. Plaintiff request that upon investigations and daily routine that all audio & video is recording at all times and in plain view of all areas of facility living no room for blind spots nor leaving Plaintiff or pre trial detainees defenseless when there's camra's videos should be saved or stored in all proceedings in order to prove or justify all actions or inactions. Plaintiff also asking a impartial assessment on counts 1-3 and impartial trial on all counts.

6 - A

I here certify that a copy of the foregoing document was mailed. This 5/9/18 to:

Tusson Division:
U.S. Courthouse, suite 1500
405 west Congress street
Tucson, AZ, 85701-5010

*Micheal A. N—*
Micheal. Andrew. Nuñez

7.